. Mr. Chief Justice Shabkey
delivered the opinion of the court.
The appellees instituted their suit on a promissory note given by the appellant, for 1100 dollars, payable in bank, which was endorsed to the appellees. The note is described as a promise to pay “ without plea or offset/’ and these words form a ground of objection to the pleas. There were four pleas put in. The first is the general issue, and the others are pleas of failure of the consideration. The plaintiffs demurred to the last three pleas, and assigned various causes, which were sustain ed; and a verdict being taken on the issue, the case is brought up by appeal.
The correctness of the judgment of the court on the demurrer presents the only question in the case.
The first cause of demurrer is, that the defendant is precluded from making any offset or defence by the note on which the suit is founded. If this objection be good, a demurrer would reach the first plea as well as the others,- but issue is taken to that, and the party might have availed himself of his defence under it. He has chosen, however, to rest his case on the goodness of his special pleas, and jeopard the privilege which he had under the general *633 issue, and thus necessarily raise a suspicion as to the truth of his defence. But I cannot consider this cause of demurrer good, for several reasons. Although the note is described in the declaration “without plea or offset,” yet these words cannot be construed to form an essential part of the contract, and, as introduced in the declaration, must be considered as mere description which was unnecessary, and which may or may not be correct, without prejudice to the note as a matter of evidence. A promissory note must be always positive and absolute in its character, and I do not think the mere addition of these words can make it more so. It, moreover, always implies a consideration, without which it is not binding, and the defence set up in this instance, is want of consideration, which, if true, destroys the binding force of the note, and of course, would also extend to any words, which were super-added to insure payment, and would also reach, on the same principle, any independent contract, instituted either on the face of the note, or made separately. The law will not permit the enforcement of a contract made in fraud, it being void, and all agreements in relation to it, having no other foundation, must be also void. If an individual, by inserting words of this kind in .the contract, can deprive a party of his defence, and bind him to pay at all events, that branch of the law which vitiates contracts, founded in fraud, want of consideration, or inability in the contracting party, has long been a subject of unnecessary investigation, with a view to the establishment of a system for the protection of the honest and unwary, and need not longer be' retained as a part of our jurisprudence, as those who are truly honest, will not bring it into practice, and those who are really dishonest, can so easily evade it. If the words “ without plea or offset” formed part of the contract, the defence set up would avoid the whole of it; and if they formed a separate agreement, it was evidently based upon the consideration, for which the note was given, which, being swept from under it, must leave it without foundation.
The second cause of demurrer goes to the third plea only. The plea is “ actio non, any further than to recover the sum of seven hundred dollars, part of said note, in said declaration mentioned;” and it then goes on to set up a failure of consideration to the bal- *634 anee. The cause of demurrer is, that it should have made a tender of the sum admitted to be due, but I do not think this is good, if the defendant could swear as to an averment of all the entire sum claimed, and plead to' part, as he might undoubtedly, do to-different counts, or different sums claimed, as will be seen in noticing the third cause of demurrer to the same plea, which is that it contains no answer to the whole declaration, and shows matter proper only under the general issue.
The rule of law is, that the plea must be an answer to the whole declaration or count, or all that it assumes to answer and no more; and if it purports to answer only part, as it may do, if must answer that part and no more; and thé plaintiff may take his. judgment for the part unanswered, as by nil dicit. 1 Chit. Pl. 509;, I Lord Raymond, 716. The plea is not m strict technical form, it is true; but I can see no reason why the mode adopted is not equally as good. In strict pursuance of precedent, it should have been in form something like this: “ And the said defendant, as to all the said sum of money in the declaration mentioned, except as to the sum of seven hundred dollars, says aclio non, &c.,” and it, is pleaded “ actio non, any further than the sum of seven hundred dollars,” which to me seems equally as good as the form usually adopted. Actio non, it is true, goes, to the whole cause of action, but the exception and admission directly connected with it, as it is in the plea, must be understood as limiting the defence to the part, excepted and not admitted.
If this plea, then, stood alone, it would present no question but on its own merits; and, although it is a general rule, that several distinct pleas in bar under our statute will stand independent of one another, and be considered as if pleaded alone; yet there is an exception to the rule, which, I think, is presented by this plea. The plaintiff could not have taken his judgment for the part confessed, being estopped by the general issue. A plea of tender cannot be pleaded with the general issue to the whole declaration? because the tender confesses an amount due; and this plea seems to fall within the same principle. It evidently- confesses a certain amount due, and is, therefore, equally incompatible with the other pleas. 4 Tenn. Rep. 194; Gould’s Pl. 435; 1 Chit. Pl. 541. *635 Taking this plea, then, in connection with the other pleas, it is bad, and could only be reached by demurrer.
The fourth cause of demurrer is, that the second and third pleas do not show that the note sued on was given in consideration of the bill of sale and warranty, or either of them; and fifth, said warranty, named in said second and third pleas, is not averred to have been made before the execution of said note; nor" to have been made in part or in whole consideration of said note, nor any consideration whatever. These causes of demurrer may be considered together, the points raised being substantially the same.
The third plea has been already disposed of, and it remains •only to apply them to the second. I do not think it necessary that the plea should show that the. note was given in' consideration of the bill of sale or warranty, nor that the warranty should have been executed before the note. The warranty was not, in truth, the consideration for the note. The plea states that it was given for negroes, which the seller warranted by bill of sale. The contract is not described with that certainty which would be required in a declaration; but a plea in bar does not require the same certainty, that would be necessary in a declaration. It was an executed consideration, and therefore required less certainty in the description, even in the declaration. 1 Chitty, 296. It certainly was not necessary that the bill of sale and warranty should have been executed before the note. If done subsequently as a part of the same contract, it would be equally binding. 10 Johns. Rep. 243. And if it were necessary that such a particular order should have been observed, in consummating the contract, it cannot be necessary that it should be stated in pleading. I think it is stated with sufficient certainty, that the warranty was a part of .the contract of sale, founded on the consideration which passed.
The plea commences by a general averment, that the consideration of the note had failed; and goes on to specify that it was given for the purchase of certain negroes, which the seller, by bill of sale, warranted to be sound, but which in fact, were unsound, specifying the disease, and that it existed at the time of sale. The date of the bill of sale was also given, which ^hows that it was *636 executed on the day the note was. I do not think the plea bad for this cause of demurrer.
The sixth cause is, that the sale of negroes is the only consideration alleged, and that no failure of title is set out. The defendant did not complain of want of title, but a want of soundness, which he had a right to do, if his warranty would reach it.
The seventh, eighth and ninth causes of demurrer to the fourth plea, which are failure of consideration generally, and are too general in their terms to give any idea of the defence, or nature of the failure, are therefore bad.
The tenth cause is, that the second plea charges no fraud in the sale of the negroes. If there is an express warranty, no fraud need be charged to make a good defence. And the last cause is, that the second plea does not aver a knowledge of unsoundness or defect on the part of the plaintiffs. It is immaterial whether the seller had any knowledge of the unsoundness, if he gave a general warranty. That would make him responsible, whether he knew it or not. Nor was it necessary to aver that the plaintiffs knew the negroes to be unsound. They hold the note as endorsees, and any defence that would have been available against the payee, in consequence of failure of consideration, must also extend to them.
The demurrer should have been overruled as to the second plea. The judgment must be reversed, a venire de novo awarded, with leave to reply.